# MANDAMUS.

---

THE JUDGES OF THE ONEIDA COMMON PLEAS *v.* THE PEOPLE, *ex rel.* Savage.  18 Wend, 79.

Not reported in S. Ct., but the opinion of Nelson, Ch. J., given 18 Wend. 80—81.

THIS case having been the leading decision in the *reform* said to have been effected by the Court of Errors in the practice of the Supreme Court with respect to issuing the writ of mandamus to correct the errors of inferior courts, we shall give a brief view of the jurisdiction thus exercised before the question came before the Court of Errors in the above cause. That the Supreme Court had, in a few instances, by haste or incaution, granted the writ in cases where it was not the appropriate remedy, may be safely enough admitted, as that court itself hastened to acknowledge it and to " stand corrected" on the point, as Mr. Justice

Bronson expressed it, in the case of *The People ex rel. Doughty* v. *The Judges of Duchess C. P.*, 20 Wend. 658. He there said : "It is not to be.denied that there had been a gradual departure from the old law on this subject, until this court had, in one instance at least, exercised a jurisdiction by mandamus, as large as that which we now decline.   But we stand corrected by the decision of the court of last resort in the case of *The Judges of Oneida* v. *The People*, 18 Wend. 79."   We shall have occasion, in the course of our examination to inquire how far that case required or authorized the court to decline the jurisdiction by mandamus which was solicited in the case of the Judges of Dutchess C. P., and which we shall endeavor to show, was *a case not within the reason and true principle of the facts in the Judges of the Oneida Common Pleas* v. *The People*.

The cases so far .as they are reported, in which the Supreme Court had interfered, *to "correct the errors"* of inferior tribunals, are very few and do not appear to have been very carefully weighed.   A few instances may suffice.   In *Blunt* v. *Greenwood*, 1 Cow. 15, the court did interfere by mandamus *to correct the practice* of the Common Pleas of New-York, in setting aside a *fi. fa.* as irregular ; and a mandamus issued to that effect, commanding them to vacate the rule, setting it aside.   (See form of writ, 1 Cow. 22.)   The question as to the power of the court to correct such an order by mandamus seems to have been very little discussed on the argument, and the opinion of the court does not advert to it. The reporter heads his marginal note with the following : " Mandamus lies to correct erroneous practice of a court of Common Pleas, *except in mere matters of discretion*," but there is no such general claim of jurisdiction nor any such qualification in the opinion of the court.   The decision granting the mandamus can only be regarded as an incautious one in the first instance ; at all events, as entirely destitute of authority since the decision in the case of the Oneida judges.

In the case of *Ex parte Chamberlin*, 4 Cow. 49, where a most unprecedented motion was made for a mandamus, to the justices of the General Sessions of the Peace of the county of Oneida commanding them to attach and punish J. C. for *non-attendance* in that court as a witness, the court said :

" They should have denied this motion at once on the ground that it sought for a mandamus to compel an inferior court to punish for a contempt, had the matter rested there; for every court must judge of its own contempts; but as the private rights of an individual were also implicated, they had for that reason looked into the merits," and they denied the motion. In *ex parte Bostwick*, 1 Cow. 143; in *ex parte Bailey*, 2 Cow. 479; in *ex parte Johnson*, 3 Cow. 371; in *ex parte Brown*, 5 Cow. 31; in *ex parte Bacon*, 6 Cow. 392; in *ex parte Benson*, 7 Cow. 363; in *ex parte Coster*, 7 Cow. 523, the Supreme Court refused the writ on the general ground that they had no right to interfere by mandamus with the decisions of the Common Pleas where they had passed upon questions within their judicial cognizance and discretion. *The People* v. *Chatauque C. P.* 1 Wend. 73, and *The People* v. *Columbia C. P.*, 1 Wend. 297, are cases where the court declined to grant the writ, although in the latter case, *Savage, Ch. J.* who delivered the opinion of the court, seems to favor the idea, that if affidavits of jurors rejected by the Common Pleas had been improperly rejected, it was " a question of *law* and not of discretion," and therefore a proper subject of review in that court, and a remedy might be afforded by mandamus. This principle was, however, soon after carried into practice in the next case which appears to be the first marked enlargement of their jurisdiction by mandamus, to correct the decisions of inferior tribunals.